**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

No. 04-4174

─────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ORLANDO JONES,

Defendant - Appellant.

─────────

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  Frank W. Bullock, Jr., District Judge.  (CR-00-320)

─────────

Submitted:  April 25, 2005                Decided:  May 18, 2005

─────────

Before NIEMEYER and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

─────────

Vacated and remanded by unpublished per curiam opinion.

─────────

Robert L. McClellan, J. Marshall Shelton, IVEY, MCCLELLAN, GATTON & TALCOTT, LLP, Greensboro, North Carolina, for Appellant.  Anna Mills Wagoner, United States Attorney, Lisa B. Boggs, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Orlando Jones pled guilty to possession of a firearm by a person previously convicted of a felony in violation of 18 U.S.C.A. §§ 922(g)(1), 924(a)(2) (West 2000 & Supp. 2004). The district court sentenced him under the federal Sentencing Guidelines to a 120-month term of imprisonment. This sentence was based, in part, on the court's findings concerning characteristics of the offense and Jones' prior criminal history.

Citing Blakely v. Washington, 124 S. Ct. 2531 (2004), Jones asserts for the first time on appeal that his sentence is unconstitutional. In United States v. Booker, 125 S. Ct. 738 (2005), the Supreme Court held that the federal Sentencing Guidelines, under which courts were required to impose sentencing enhancements based on facts found by the court by a preponderance of the evidence, violated the Sixth Amendment because of their mandatory nature. Id. at 746, 750 (Stevens, J., opinion of the Court). The Court remedied the constitutional violation by making the Guidelines advisory through the removal of two statutory provisions that had rendered them mandatory. Id. at 746 (Stevens, J., opinion of the Court); id. at 756-57 (Breyer, J., opinion of the Court). Although Jones did not raise this Sixth Amendment challenge at sentencing, this court has held that a mandatory enhancement based on judicial factfinding supported by a preponderance of the evidence constitutes plain error warranting

- 2 -

correction.  <u>United States v. Hughes</u>, 401 F.3d 540, 547-48 (4th Cir. 2005) (citing <u>United States v. Olano</u>, 507 U.S. 725, 731-32 (1993)).

In light of <u>Booker</u> and <u>Hughes</u>, we find that the district court plainly erred in sentencing Jones.  Therefore, we vacate his sentence and remand for proceedings consistent with <u>Hughes</u>.[*]  <u>Id.</u> at 546 (citing <u>Booker</u>, 125 S. Ct. at 764-65, 767 (Breyer, J., opinion of the Court)).  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>

---

[*]Although the Sentencing Guidelines are no longer mandatory, <u>Booker</u> makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing." 125 S. Ct. at 767.  On remand, the district court should first determine the appropriate sentencing range under the Guidelines, making all factual findings appropriate for that determination. <u>Hughes</u>, 401 F.3d at 546.  The court should consider this sentencing range along with the other factors described in 18 U.S.C. § 3553(a) and then impose a sentence.  <u>Id.</u>  If that sentence falls outside the Guidelines range, the court should explain its reasons for the departure as required by 18 U.S.C. § 3553(c)(2).  <u>Id.</u>  The sentence must be "within the statutorily prescribed range and . . . reasonable." <u>Id.</u> at 547.